UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM H. SAFFO,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>KING COUNTY JAIL, et al.,<br><br>　　　　　　Defendant. | CASE NO. 2:20-cv-00478-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, William H. Saffo, a King County Jail detainee, filed a pro se civil rights complaint[1] under 42 U.S.C. § 1983 against jail corrections officer Sergeant Carnagy, and Karen Graham a King County Claims Manager. Plaintiff seeks monetary damages. Dkt. 7.

The Court is required to screen complaints filed by plaintiffs who are prisoners. *See* 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

Here, plaintiff alleges Sergeant Carnagy violated his due process rights by confiscating his personal property without a reason or a hearing. Plaintiff alleges he was storing commissary

---

[1] Plaintiff has been granted leave to proceed informa pauperis by separate order. Dkt. 6.

REPORT AND RECOMMENDATION - 1

purchases in his cell and Sergeant Carnagy removed his commissary. The commissary was allegedly taken to the jail's "property" room. When plaintiff contacted "property" he was informed his commissary was not there. Plaintiff indicates he filed a grievance because his property was taken for no valid reason and he was not given a hearing. Apparently, plaintiff's grievance was denied, and plaintiff consequently contacted King County's ombudsman. The ombudsman provided plaintiff with a complaint form. Plaintiff contends he submitted the complaint form to Ms. Graham and she violated his rights by failing to investigate or respond to his claim that Sergeant Carnagy wrongful deprived him of his personal property. *Id.*

The Court has reviewed plaintiff's complaint and concludes it should be dismissed with prejudice and without leave to amend because amendment would be futile. The allegations that Sergeant Carnagy wrongfully deprived plaintiff of his personal property and Ms. Graham failed to investigate or respond to plaintiff's claim fail to state a claim upon which relief may be granted. No amendment would alter this conclusion and thus the case should be dismissed at this juncture.

The case should be dismissed because the court may grant relief under 42 U.S.C. § 1983 only where a state actor proximately caused a violation of a federal constitutional or federal statutory right. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A court may not grant relief for violations of state law. *See Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001). In cases where a state actor, randomly and without authorization, deprives a prisoner of property, due process is not offended if there is an adequate state post-deprivation remedy for the loss. *See Zinermon v. Burch*, 494 U.S. 113, 129-32 (1990).

The complaint alleges Sergeant Carnagy violated plaintiff's right to due process by confiscating plaintiff's commissary without a valid reason and without granting plaintiff a

REPORT AND RECOMMENDATION - 2

hearing. Plaintiff provides nothing showing the jail must provide reasons to confiscate property or that he is entitled to a hearing on the taking of his property. Plaintiff filed a grievance over the taking of his property and alleges the grievance was denied ostensibly without a hearing or providing plaintiff a justification for the taking. To the extent this contention implies the jail failed to follow its grievance procedures, the contention fails. The Ninth Circuit has repeatedly stated a jail's failure to follow its own grievance procedure does not give rise to a claim under 42 U.S.C. § 1983. *Mann v. Adams*, 855 F.2d 639 (9th Cir. 1988). Accordingly, plaintiff's claim that defendants handled his claim regarding the taking of his property in a manner that deviates from the jail's grievance procedures fails to state a claim upon which relief may be granted in a § 1983 action and should be dismissed.

Additionally, the allegation that defendants took plaintiff's property for no good reason is not actionable. A random and unauthorized deprivation of a prisoner's property does not constitute a violation of the constitution if a meaningful post-deprivation remedy for the loss is available under state law. *Hudson v. Palmer*, 468 U.S. 517, 534 (1984); *see also Sorrels v. McKee,* 290 F.3d 965, 972 (9th Cir. 2002). Washington State provides a meaningful post-deprivation remedy for the intentional or negligent loss of property by local governmental agents. In Washington, a plaintiff may file a tort law suit against a local governmental entity or agent for unlawful loss or destruction of inmate property. *See* RCW 4.96.020. As plaintiff has an adequate state post-deprivation remedy and may file a tort law suit for the loss of his property in the Washington State Courts, the complaint fails to state a federal claim for the loss of property.

Plaintiff also alleges defendant Graham violated his rights by failing to respond to his complaint about the loss of his property. Plaintiff claims he submitted a claim to Ms. Graham, was informed she was investigating the matter but that he has not heard from her since July

REPORT AND RECOMMENDATION - 3

2019. This allegation does not state a claim for relief. A federal civil rights claim requires plaintiff to show that a state actor violated plaintiff's federal constitutional or statutory rights. The allegation her does not assert a violation of a federal right. Instead it alleges defendant Graham has not responded to the claim plaintiff filed. In Washington State, a plaintiff must file a tort claim with the defendant local government 60 days before filing a lawsuit. *See* RCW 4.96.020. Once the tort claim is properly presented to a defendant local government, and 60 days have elapsed, a plaintiff can commence a lawsuit, whether the local government responds or not. Accordingly, as defendant Graham's failure to respond to plaintiff's claim is not a federal violation,[2] it should be dismissed with prejudice.

In sum the complaint does not state a claim for relief. The deprivation of property is not actionable because plaintiff has an adequate state post-deprivation of property remedy. Ms. Graham's actions do not constitute a violation of federal right. At best the complaint alleges she has not responded to plaintiff's tort claim but even assuming this is a violation of state law such a violation is not cognizable in a federal §1983 action. As these claims cannot be made viable through further amendment of the complaint, the case should be dismissed at this juncture.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

---

[2] *See Cornejo v. County of San Diego*, 504 F.3d 853, 855 n. 3 (9th Cir.2007) ("We note that a claim for violation of state law is not cognizable under § 1983.").

1 | Objections, however, may be filed no later than **May 22, 2020.** The Clerk should note the matter for **May 22, 2010**, as ready for the District Judge's consideration. Objections shall not exceed 8 pages. The failure to timely object may affect the right to appeal.

DATED this 8th day of May, 2020.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5